UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELIQUE HOBBS,

    Plaintiff,

v.                                             CASE NO. 8:13-CV-3233-T-24MAP

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This is an action for review of the administrative denial of disability insurance benefits (DIB), period of disability benefits, and supplemental security income (SSI). *See* 42 U.S.C. §§ 405(g) and 1383(c)(3). There is only one issue on appeal: whether the Administrative Law Judge (ALJ) erred by failing to comply with Social Security Rule 00-4p, which requires an ALJ to ask a vocational expert (VE) about any possible conflict between the VE's testimony and information provided by the Dictionary of Occupational Titles (DOT). After considering the parties' briefs and the administrative record, I conclude that the Commissioner's decision is in accordance with the law and supported by substantial evidence. I therefore recommend the Commissioner's decision be affirmed.

    *A.*    *Background*

    Claimant Angelique Hobbs was born on January 23, 1971. (R. 28) She has a sixth grade education and past work experience as a nurse's assistant. (R. 28, 41) Claimant alleges disability commencing January 25, 2008. (R. 16) After a hearing, the ALJ found Claimant had the severe impairments of "diabetes mellitus with proliferative diabetic retinopathy, borderline glaucoma,

nuclear sclerosis cataracts, borderline glaucoma, bipolar disorder and anxiety disorder." (R 19) Aided by the testimony of a VE, the ALJ determined the Claimant was not disabled as she had the RFC to perform a limited range of sedentary work, as follows:

> [S]he can lift and carry 10 pounds occasionally and frequently, stand and/or walk for a combined total of 2 hours in an 8-hour workday, and sit for a total of 6 hours in 8-hour workday. She can never climb ladders, ropes or scaffolds. She must avoid jobs requiring the reading of fine print or the inspection of very small items due to reduced visual acuity. In addition, she also must avoid jobs that require extensive reading, writing or preparing written reports or using mathematical skills. She must avoid unprotected heights, moving machinery and hazards. She must avoid jobs requiring operation of dangerous machinery or driving. She is limited to simple, repetitive, routine tasks with very low occasional social demands, which is defined as 1/3 of the time. She is limited to minimal interaction with the general public and co-workers. She is able to cooperate and collaborate with others, and is able to perform with dependability and productively, but with the limited social demands, including a moderate limitation in her ability to work in coordination with or proximity to others, where moderate is defined as more than a slight limitation in a particular area, but able to function satisfactorily.

(R. 21) The ALJ also found that, with this RFC, the Claimant could not perform her past relevant work but could work as an assembler and a document preparer. (R. 28) The Appeals Council denied review. Plaintiff, who has exhausted her administrative remedies, filed this action.

    *B.*       *Standard of Review*

To be entitled to DIB and/or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703

F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

    C.    *Discussion*

Plaintiff argues the ALJ erred in one way: he failed to comply with Social Security Rule 00-4p, because he did not ask the VE during the administrative hearing if his testimony was consistent with the DOT (doc. 17 at 5). If the ALJ had complied with Social Security Rule 00-4p, Plaintiff contends, he would have realized the two jobs the VE identified as within Plaintiff's RFC actually are not. The job of assembler, for example, requires the assembly of small parts and a visual accommodation foreclosed by her RFC. As for the unskilled job of document preparer, Plaintiff asserts it is inconsistent with her RFC, which calls for "simple, repetitive, routine tasks," because it requires a reasoning level of 3. Plaintiff also argues the ALJ erroneously terminated Plaintiff's representative's cross-examination of the VE (doc. 17 at 11).

The Commissioner admits (1) the ALJ did not ask the VE about any conflict between his testimony and the DOT; and (2) the ALJ's opinion states that he did. The ALJ's opinion reads: "The impartial vocational expert was asked if his opinion was consistent with the DOT and he testified that it was. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the [DOT]." (R. 29) But the hearing transcript does not reflect this exchange between the ALJ and the VE. According to the Commissioner, this error was harmless because "there was no conflict between the VE's testimony and the DOT with respect to at least one of the two jobs the VE identified." (Doc. 18 at 7). The Commissioner also emphasizes that Plaintiff's representative stated she did not object to the VE's testimony regarding "vocational

matters." (Doc. 18 at 8; R. 69-72) Finally, the Commissioner contends that, rather than preventing Plaintiff from cross-examining the VE, the ALJ simply denied her request for the reports supporting the VE's testimony, a decision that is properly within the ALJ's discretion.

The purpose of SSR 00-4p is to clarify the standards for use of a vocational expert at a hearing. The ruling requires the ALJ to "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [the VE] . . . and information in the [DOT]." SSR 00-4p. The ruling continues:

> When there is an apparent unresolved conflict between VE . . . and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator's will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE . . . automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information.

SSR 00-4p.

In *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999), the Eleventh Circuit held that when the VE's testimony conflicts with the DOT, the VE's testimony "trumps" the DOT. The *Jones* court reasoned that the DOT is not comprehensive; it provides occupational information on jobs in the national economy and directs DOT users to supplement this information with data from the local economy. *Id*. Even though SSR 00-4p post-dates *Jones*, I have not located any case that overturns *Jones*. To the contrary, the Eleventh Circuit, in an unpublished opinion following the promulgation of Social Security Ruling 00-4p, found that "even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert." *Miller v. Comm'r of Soc.*

5

*Sec.*, 246 F. App'x 660, 662 (11th Cir. 2007). This is because "agency rulings 'do [] not bind this [C]ourt.'" *Id.* (quoting *B.B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. Unit B Apr. 1981)).

Nonetheless, as explained in *Adams v. Astrue*, No. 3:07-cv-438-J-MCR, 2010 WL 3293344, at * 6 (M.D. Fla. Aug. 19, 2010), "[d]espite the holding in *Miller*, district courts in this circuit have inconsistently determined the obligations of the ALJ with respect to reconciling VE testimony with the DOT." *Compare Romeo v. Astrue*, No. 8:09-cv-502-T-TGW, 2010 WL 1180357, at * 2 (M.D. Fla. Mar. 25, 2010) (finding ALJ could reasonably find the VE's testimony consistent with the DOT even though ALJ did not inquire about potential conflicts, because the VE provided the DOT number for the jobs identified), *with Akins v. Comm'r of Soc. Sec.*, No. 6:08-cv-1575-Orl-DAB, 2009 WL 2913538, at *6 (M.D. Fla. Sept. 10, 2009) (holding that "[i]t appears to be the current state of law in this circuit that the ALJ *must* inquire as to whether the VE's testimony is consistent with the DOT but, if it is not, an ALJ may rely upon the testimony of the VE without first resolving any conflict.") (emphasis added).

In *Farley v. Astrue*, No. 8:06-cv-2342-T-MAP, 2008 WL 360832, at *1 (M.D. Fla. Feb. 8, 2008), I remanded the case and found the ALJ did not comply with SSR 00-4p when he neglected to inquire on the record regarding whether there was a discrepancy between the VE's testimony and the DOT. In that case, the plaintiff had "endured four hearings before three different administrative law judges, two reversals and remands by the Appeals Council, and [it was] the second time the Plaintiff ha[d] sought judicial review." *Id*. at * 2. As a result of the plaintiff's first appeal, United States Magistrate Judge Thomas Wilson (the same judge who decided *Romeo*, cited *supra*) instructed the Commissioner to, on remand, "follow the dictates of Social Security Ruling 00-4p and eliminate that recurring argument." *Id*. But the ALJ did not heed this cautionary instruction; on remand, the

ALJ "failed to ask about any possible conflict between the VE evidence and information provided in the DOT." *Id*. The plaintiff had complained she could not perform the jobs the VE identified because they involved frequent fingering and handling, tasks that were not addressed in the ALJ's hypothetical question. *Id*. I found that, "if the ALJ had followed 'the dictates of 00-4p' as Magistrate Judge Wilson advised, and had asked the CE whether his analysis conflicted with the DOT, the discrepancy Plaintiff complains of now could have been avoided." *Id*.; *see also Leonard v. Astrue*, 487 F. Supp.2d 1333, 1339 (M.D. Fla. 2007) (remanding to ALJ and noting that before ALJ can rely on VE's testimony as substantial evidence he must resolve any conflict between VE's testimony and DOT and how he resolved apparent conflict).

The circumstances of this case compel a different conclusion. On the one hand, this is not a situation where the ALJ asked the VE about potential conflicts but received incorrect information in response. In that circumstance, most courts find the ALJ has no independent duty to investigate whether there is a conflict. *See, e.g.*, *Cousins v. Colvin*, No. 2:12-cv-505-FTM-29DNF, 2013 WL 5278271, at *6 (M.D. Fla. Aug. 23, 2013) (citation omitted). Instead, here, even though the ALJ did not ask about a conflict, he indicated in his opinion that he had. (R. 29) This is not determinative in and of itself, however, if the ALJ's error is harmless. *See Carroll v. Comm'r of Soc. Sec. Admin.*, 453 F. App'x 889, 892 (11th Cir. 2011) ("[W]e have held that an agency's violation of its own governing rules must result in prejudice before we will remand to the agency for compliance") (citing *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981) (noting that even if court finds ALJ did not comply with a Social Security ruling, remand not necessary unless claimant was prejudiced due to noncompliance").

7

I find that the error is harmless. According to Plaintiff, she cannot perform the jobs the VE identified. Regarding the job of document preparer, Plaintiff points out it is unskilled but requires a reasoning level of 3 (DOT # 249.587-18, 1991 WL 672349). Plaintiff's RFC, however, limits her to "simple, repetitive, and routine tasks" (R. 21); she claims these two observations cannot be reconciled. Most courts to address this issue find that "'the requirement of Reasoning Level 2 or 3 is not inconsistent with the ability to perform only simple tasks.'" *Gray v. Colvin*, No. 3:12-cv-506/EMT, 2014 WL 1118105, at *8 (N.D. Fla. Mar. 20, 2014) (quoting *Hurtado v. Astrue*, No. 09-60930-CIV, 2010 WL 1850261, at *11 (S.D. Fla. Apr. 14, 2010)); *Miller*, 246 F. App'x at 661-62 (not inconsistent); *Leigh v. Comm'r of Soc. Sec.*, 496 F. App'x 973, 974-75 (11th Cir. 2012) (same). Therefore, Plaintiff's contention – that the ALJ could have resolved her complaints about the reasoning required for the document preparer job if only he had complied with Social Security Ruling 00-4p – lacks merit. This is especially so here, because Plaintiff had a representative at the hearing who did not ask these questions of the VE or otherwise raise the issue of any potential conflict between the VE's testimony and the DOT.

I am similarly unpersuaded by Plaintiff's argument about the assembler job. Plaintiff objects because the job requires frequent visual "accommodation" (Doc. 17 at 8) while her RFC contains a limitation for "the reading of fine print or the inspection of very small items due to reduced visual acuity." (R. 21) In the ALJ's hypothetical question posed to the VE, he opined "[she] can do no jobs requiring reading fine print or conducting inspection of very small items due to a reduced visual acuity." (R. 66) The VE identified the assembler and document preparer jobs in response to the hypothetical. (R. 68-69) In a follow-up question by Plaintiff's representative regarding Plaintiff's "visual limitations and inability to read fine print" (R. 69), the VE stated: "I took that into

consideration because part of the hypothetical for number one was no fine print." (R.70) Plaintiff's counsel did not challenge this finding. The ALJ was permitted to base his findings about these jobs on the VE's testimony, under *Jones*, 423 F. App'x at 939, and *Miller*, 246 F. App'x at 662. *See also Brijbag v. Astrue*, No. 8:06-cv-2356-T-MAP, 2008 WL 276038, at * 2 (M.D. Fla. Jan. 31, 2008) ("the ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT"); *Massey v. Astrue*, No. 3:07-cv-3-CDL, 2008 WL 623196, at 7 (M.D. Ga. Mar. 4, 2008) (same). Thus, the ALJ's failure to comply with Social Security Ruling 00-4p and inquire into any conflicts was harmless. *See Miller*, 246 F. App'x 662 ("even if the law judge failed to comply with SSR 00-4p, that would not warrant reversal. SSR 00-4p is neither a statute nor a regulation and therefore does not have the force of law."). This case can be distinguished from *Farley* because the ALJ here was not violating a remand order and, based on the hypothetical question posed to the VE, there is no apparent conflict.

Plaintiff's final argument is that the ALJ inappropriately terminated the cross-examination of the VE. I do not read the transcript this way. Plaintiff's representative cross-examined the VE and, at the end of her questioning, asked the VE for the reports that support the number of assembler and document preparer jobs in the local economy. (R. 71) The VE responded: "That's via the United States Department of Labor and the Bureau of Labor Statistics based on census interviews of employers on a yearly basis. . . . I don't have anything other than the numbers which I've cited to you which I have on the paper here in front of me. I don't have the source documents with me." (R. 71) The ALJ did not intervene during this exchange. Once Plaintiff's representative asked the VE to provide him with a copy of the source documents, the ALJ interjected and refused the request as follows: "That's not a valid objection, Mrs. Montefu. You know that." (R. 71) Plaintiff's

9

representative responded, "All right." (R. 71) The ALJ did not terminate the questioning, he denied Plaintiff's request for documents. This decision was proper. "The Social Security regulations provide that an ALJ may rely on a VE's knowledge and expertise, and they do not require a VE [to] produce detailed reports or statistics in support of her testimony." *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012). Plaintiff's argument to the contrary lacks merit.

      D.    *Conclusion*

For the foregoing reasons, it is hereby

RECOMMENDED:

1. That the Plaintiff's complaint be dismissed and the Commissioner's decision be affirmed.

2. That the Clerk is directed to enter judgment for the Commissioner.

IT IS SO REPORTED in Tampa, Florida on January 12, 2015.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attaching the factual findings on appeal. 28 U.S.C. § 636(b)(1).